IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20-cr-10067-JES |
| v. ) | No. 24-cv-1075-JES |
| ) | |
| VINCENT NICHOLS JR., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Defendant Vincent Nichols Jr. has filed a motion under 28 U.S.C.A. § 2255 to vacate, set aside, or correct his sentence. Doc. 96 (the "Motion"). For the reasons indicated herein, the Motion is DENIED in its entirety and the Court declines to issue a Certificate of Appealability. Additionally, no evidentiary hearing is necessary.

### I.   BACKGROUND

The facts underlying Nichols's conviction and related incidents were summarized in the Seventh Circuit's order on his direct appeal. Doc. 95-1.[1] For ease of reference, the Court provides an excerpt, in verbatim, from the Seventh Circuit's order as to the relevant factual background.[2]

In 2020, Peoria Police Sergeant Bryan Sylvester spotted Courtney Andrews—a man he recognized from earlier police contact—drinking from an open alcohol container in a local shopping center parking lot. Sylvester watched Andrews get into a car and drive away with several

---

[1] Nichols appealed the Court's denial of his motion to suppress which was based on the legality of the traffic stop discussed below. The Seventh Circuit affirmed the Court's ruling.

[2] When necessary, the Court shall discuss additional facts and procedural history in conjunction with its analysis.

1

passengers, including Nichols. Sylvester then radioed details of the situation to two police officers under his supervision, Tyler Hodges and Joseph Smiles. Sylvester informed the officers of the direction Andrews was heading, the car he was driving, and the license plate number. Sylvester and Smiles both testified that Sylvester informed Hodges and Smiles that Andrews had an outstanding warrant for his arrest, although there was some confusion regarding how Sylvester learned that information. Smiles used the squad-car computer to search for Andrews's name in a police database, in which he saw that Andrews had an active, outstanding arrest warrant. Although Hodges was aware of the outstanding warrant, Hodges could not recall if Sylvester informed him or if he learned it from a police database.

Hodges and Smiles located the car, followed Andrews for about a mile, and then pulled the car over. Hodges asked Andrews to step out and told him of the outstanding warrant for his arrest. As Andrews got out of the car, the officers noticed the smell of burnt cannabis. Hodges then arrested Andrews, who admitted that he had been smoking a cannabis cigarette.

The officers instructed the passengers—including Nichols, sitting in the front passenger seat—to leave the car while they searched for contraband, and they patted the passengers down as they left. After Nichols got out, Smiles saw a handgun on the seat where he had been sitting. Nichols, it turns out, was not licensed to have a firearm and was arrested for unlawful possession of the gun.

Nichols, who had two prior Illinois felony convictions (for aggravated battery with a firearm and unlawful delivery of a controlled substance), was charged with possessing a firearm as a felon. 18 U.S.C. § 922(g)(1). Nichols proceeded to trial and the jury convicted him of the charge. Nichols was sentenced to 92 months' imprisonment. *See* Doc. 74.

Nichols now argues that the Court should vacate his sentence due to new jurisprudence arising from the Supreme Court's decision *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1 (2022), which, he posits, renders § 922(g)(1) unconstitutional, both facially and as applied to him.[3]

## II.   LEGAL STANDARD

"Federal prisoners who seek to collaterally attack their conviction or sentence must ordinarily bring an action under § 2255, 'the federal prisoner's substitute for habeas corpus.'" *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). "Relief under [§ 2255] is an 'extraordinary remedy.'" *Coleman v. United States*, 79 F.4th 822, 826 (7th Cir. 2023) (quoting *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007)). Such relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).

However, § 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *See Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). If a § 2255 petitioner does not raise a claim on direct appeal, that claim is barred from a district court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, or that he is actually innocent. *See Grzegorczyk v. United States*, 997 F.3d at 743(7th Cir. 2021); *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017). Additionally, "claims of ineffective assistance of counsel may be raised for the first time in

---

[3] Although Nichols only explicitly states that § 922(g)(1) is unconstitutional as applied to him, the Court liberally construes his *pro se* pleading to also raise a facial challenge, given that the bulk of his argumentation concerns the facial constitutionality of the statute.

a § 2255 motion." *Perez v. United States*, JPS-23-718, 2023 WL 4423908, at *3 (E.D. Wis. July 10, 2023) (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)).

Furthermore, a district court must liberally construe a *pro se* a § 2255 motion. *See United States v. Lomax*, 51 F.4th 222, 227 (7th Cir. 2022). But, "it [is] not [a district] court's duty to imagine every possible argument for [a § 2255 movant], even when liberally construing his pro se filings." *Harris v. United States*, 13 F.4th 623, 629 (7th Cir. 2021). Finally, "'[w]hen considering a § 2255 motion, the district court reviews the record and draws all reasonable inferences in favor of the government.'" *United States v. Mandell*, ARW-18-271, 2022 WL 1499931, at *3 (N.D. Ill. May 11, 2022) (quoting *United States v. Saleh*, RWG-15-11552, 2016 WL 2766305, at *2 (N.D. Ill. May 13, 2016) in turn citing *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992)).

Of special importance here, a court is to review or screen a § 2255 motion under Rule 4 of the Rules Governing Section 2255 Proceedings, and if it finds that the moving party is not entitled to relief, it must dismiss the motion. If the motion passes threshold review, the Court "'must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.'" *Menzie v. United States*, PP-16-1275, 2022 WL 376263, at *3 (E.D. Wis. Feb. 8, 2022) (quoting Rule 4). And, "[a]t the screening stage, the court considers whether the petitioner has raised claims that can be adjudicated in a § 2255 proceeding, whether the petitioner has exhausted his claims and whether he filed the motion within the limitations period." *Gomez v. United States*, PP- 23-339, 2023 WL 5057415, at *2 (E.D. Wis. July 18, 2023).

### III. ANALYSIS

As discussed, Nichols has filed a motion under § 2255, alleging that his conviction should be vacated on the basis that *Bruen* rendered § 922(g)(1), unconstitutional - both on its face and as

4

applied. The Court considers the merits of the Motion, but first, it addresses whether Nichols's *Bruen* claim, *i.e.*, the only ground for relief raised in the Motion, is procedurally defaulted.

### A. Procedural Default

District courts routinely conclude that a post-conviction attack as to the constitutionality of § 922(g)(1) is appropriately raised on appeal. *See, e.g.*, *United States v. Potts*, BMM-22-67, 2023 WL 7328848, at *1 (D. Mont. Nov. 7, 2023); *United States v. Jones*, DLR-20-310, 2023 WL 6151241, at *1 (W.D. Okla. Sept. 20, 2023). This Court agrees, and since Nichols did not raise his *Bruen* challenge on direct appeal, the claim is procedurally defaulted. Therefore, Nichols must show either actual innocence or cause and prejudice for the Court to consider his claim.[4]

Here, Nichols does not appear to argue actual innocence, and therefore the Court must consider whether there is cause and prejudice to excuse Nichols's procedurally defaulted claim. In this way, Nichols "must demonstrate both (1) good cause for his failure to raise the defaulted claim before collateral review and (2) actual prejudice stemming from the violations alleged in the defaulted claim." *Delatorre*, 847 F.3d at 843 (citing *Theodorou v. United States*, 887 F.2d 1336, 1340 (7th Cir. 1989)).

As discussed in *Delatorre*, a procedural default will not be excused if the defendant, aware of the facts of the alleged constitutional violation, fails to raise the issue on appeal. *See* 847 F.3d at 843-44 (finding that where the defendant was "aware of *all* of the facts giving rise to the alleged

---

[4] Default is appropriately raised by the Court, *sua sponte*, because the government "has not manifested, implicitly or explicitly, a decision to forego" a possible procedural default defense as to Nichols's *Bruen* challenge. *Varela v. United States*, 481 F.3d 932, 936 (7th Cir. 2007) (citing *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998)); *cf. Williams v. United States*, 879 F.3d 244, 248 (7th Cir. 2018) (declining to consider procedural default argument when the government "expressly waived the defense"); *Henderson v. Thieret*, 859 F.2d 492, 498-99 (7th Cir. 1988) (concluding that district court erred in considering procedural default argument *sua sponte* in § 2254 motion when the assistant attorney general explicitly articulated that it would not pursue a procedural default argument as to certain claims).

violation," he could not establish cause to justify the procedural default) (emphasis in original). In the case at bar, nothing in the record indicates that Nichols was unaware of the Supreme Court's holding in *Bruen* and its relevance to his conviction during the pendency of his appeal. Indeed, Nichols filed his appellate brief with the Seventh Circuit on November 18, 2022, *see United States v. Nichols*, No. 22-2422, Doc. 12 (7th Cir.), which was approximately five months after *Bruen* was decided. Thus, Nichols could have raised his *Bruen* challenge on direct appeal. *See United States v. Pruitt*, APG-16-285, 2023 WL 7114826, at *6 (D. Nev. Oct. 25, 2023); *cf. United States v. Andrews*, SRN-18-149, 2023 WL 4974766, at *12 (D. Minn. Aug. 3, 2023) (noting that cause existed for failing to raise *Bruen* challenge as the defendant's appeal was decided approximately one year before *Bruen*). Furthermore, Nichols does not claim that his appellate counsel was ineffective for failing to raise a *Bruen* challenge on direct appeal.

As noted, a defendant cannot overcome a procedural default without establishing both cause and prejudice. *See Delatorre*, 847 F. 3d at 844 (determining that upon finding a lack of good cause, it was unnecessary to consider whether there was actual prejudice). *See also Theodorou*, 887 F.2d at 1340 ("Both aspects, cause and prejudice, must be satisfied to enable a defendant to avoid the waiver caused by the failure to raise issues in a direct appeal.") (citing *United States v. Griffin,* 765 F.2d 677, 682 (7th Cir. 1985)). The Court does not find cause for Nichols's failure to raise his *Bruen* claim on direct appeal, and so the claim is procedurally defaulted. Further, Nichols could not have suffered actual prejudice stemming from the alleged violations in his defaulted claim, as, for the reasons below, § 922(g)(1) is constitutional both facially and as applied to him.[5]

---

[5] The timing sequence of Nichols's jury trial, the Supreme Court's holding in *Bruen*, and Nichols's subsequent sentencing is worth discussion. The Jury returned a guilty verdict on March 30, 2022. Doc. 56. Then, on June 23, 2022, the Supreme Court decided *Bruen*. And, on July 28, 2022, the Court sentenced Nichols. *See* Minute Entry Dated July 28, 2022. Here, Nichols's conviction may be rightly challenged under § 2255, as it finalized, notwithstanding the earlier jury

6

### B. The *Bruen* Challenge

The Court's analysis as to the facial constitutionality of § 922(g)(1) is guided, in large part, by the Seventh Circuit's opinion in *Atkinson v. Garland*, 70 F.4th 1018 (7th Cir. 2023). In that case, the Seventh Circuit concluded that the government had failed to meet "its burden of 'affirmatively prov[ing] that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.'" *Atkinson*, 70 F.4th at 1024 (quoting *Bruen*, 597 U.S. at 19) (alteration in *Atkinson*). The Seventh Circuit provided a set of "interrelated and non-exhaustive questions [that] may help focus the proper analysis." *Id.* at 1023; *see id.* at 1023-24. Here, Nichols's Motion (Doc. 96), in combination with the Court's exposure to comprehensive briefing in other post-*Atkinson* cases, *see, e.g.*, *United States v. Thompson*, JES-23-10029, Docs. 16, 17 (C.D. Ill.); *United States v. Allen*, JES-23-40006, Docs. 16, 17 (C.D. Ill.); *United States v. Harris*, JES-23-10013, Docs. 39, 43 (C.D. Ill.); *United States v. Collins*, JES-22-10045, Docs. 29, 30 (C.D. Ill.), as to the historical tradition of regulating firearm possession by convicted felons, has sufficiently informed the Court so as to now rule on the Motion.

Nearly every district court in the Seventh Circuit that has addressed the constitutionality of § 922(g)(1), post-*Atkinson*, has concluded that § 922(g)(1) is constitutional on its face.[6] The

---

verdict, after *Bruen* was decided. *See Robinson v. United States*, 416 F.3d 645, 647-48 (7th Cir. 2005). As such, if not for procedural default, Nichols's *Bruen* claim would have been appropriately before the Court. Thus, the Court need not address whether *Bruen* applies retroactively. *See Cross v. United States*, 892 F.3d 288, 306 (7th Cir. 2018) ("A newly announced constitutional rule applies retroactively if it is [] a substantive rule...") (citation omitted). Nevertheless, the Court recognizes that the retroactivity of *Bruen* in collateral proceedings is presently unsettled. *Compare United States v. Best*, PPS-20-54, 2024 WL 181543, at *1 (N.D. Ind. Jan. 17, 2024) (concluding that *Bruen* did not apply retroactively to a § 922(g)(1) challenge), *with United States v. Wilson*, JDC-21-268, 2023 WL 7095722, at *2 (W.D. La. Oct. 26, 2023) (noting the government's position that *Bruen* applies retroactively to a § 922(g)(1) challenge).

[6] The Court reviewed approximately 55 cases on Westlaw in arriving at this determination.

uniformity among district judges on this issue should come as no surprise, as the constitutionality of § 922(g)(1) has been upheld time and again. Indeed, facial challenges to § 922(g)(1) have failed in nearly every circuit to have considered them, both before and after the Supreme Court's decision in *Bruen*. *See Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023); *United States v. Smith*, No. 22-10795, 2023 WL 5814936 (5th Cir. Sept. 8, 2023) (per curium); *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023); *United States v. Gonzalez*, No. 22-1242, 2022 WL 4376074 (7th Cir. Sept. 22, 2022); *Medina v. Whitaker*, 913 F.3d 152 (D.C. Cir. 2019); *Tyler v. Hillsdale Cty. Sheriff's Dep't*, 837 F.3d 678, 708 (6th Cir. 2016); *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013) (per curiam); *United States v. Moore*, 666 F.3d 313 (4th Cir. 2012); *United States v. Torres-Rosario*, 658 F.3d 110 (1st Cir. 2011); *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010).

Nevertheless, the Court would be remiss not to note that Judge Gettleman in the Northern District of Illinois is one of only two district judges in the Seventh Circuit who has found the opposite, that § 922(g)(1) is facially unconstitutional. *See, e.g.*, *United States v. Prince*, ___ F. Supp. 3d ___, 2023 WL 7220127 (N.D. Ill. Nov. 2, 2023*)*. In that case, Judge Gettleman stated, *id.* at 11 (emphasis added): "Because this court determines that defendant is a member of 'the people' protected by the Second Amendment, and because neither type of historical regulation offered by the government satisfies its burden to show a history and tradition of 'relevantly similar' analogues to § 922(g)(1)'s permanent, categorical firearm dispossession of all felons, the court ***is forced to grant defendant's motion to dismiss the indictment*** against him under *Bruen*, ***regardless of whether he is challenging the statute as applied or on its face***." But like Judge Valderrama in the Northern District of Illinois, this Court "respectfully disagrees with the reasoning in *Prince*…." *United States v. Ball*, FUV-22-449, 2023 WL 8433981, at *5 (N.D. Ill. Dec. 5, 2023).

Judge Yandle in the Southern District of Illinois is the only other district judge in the Seventh Circuit to find that § 922(g)(1) is facially unconstitutional. *See, e.g.*, *United States v. Cherry*, SMY-23-30112, 2024 WL 379999 (S.D. Ill. Feb. 1, 2024). However, as Judge Yandle herself noted, *id.* at 3: "Courts in this district and throughout the circuit have also grappled with, and decided on various grounds, the constitutionality of § 922(g)(1) under *Bruen* – most, but not all upholding the statute as constitutional." In this way, the Court finds persuasive and adopts the rationale of the majority of district court decisions in the Seventh Circuit, *see, e.g.*, *United States v. Jackson*, ___ F. Supp. 3d ___, 2023 WL 7160921 (N.D. Ill. 2023), in concluding that § 922(g)(1), in light of the factors set forth in *Bruen* and *Atkinson*, is facially constitutional. This Court need not rehash the reasoning in its entirety.

Nichols also argues, albeit without any elaboration or substantive argument whatsoever, that § 922(g)(1) is unconstitutional as applied to him. This argument is woefully deficient, failing to include any discussion of his predicate felony convictions, and so the Court deems it waived. *See Hakim v. Safariland, LLC*, 79 F.4th 861, 872 (7th Cir. 2023) ("[The defendant's] arguments are wholly lacking, and we have made clear that such 'perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.'") (quoting *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) in turn quoting *United States v. Berkowitz,* 927 F.2d 1376, 1384 (7th Cir. 1991)); *cf. United States v. Kelly*, DJF/DWF-23-267, 2023 WL 8542614, at *1 n.1 (D. Minn. Dec. 11, 2023) (construing motion to dismiss an indictment as only raising facial challenges because defendant failed to "raise any particularized arguments as to why or how sections 922(g)(1) or 922(o) d[id] not constitutionally apply to him based on the specific facts of th[e] case."), *report and recommendation adopted*, 2024 WL 264588 (D. Minn. Jan. 24, 2024). Moreover, even if Nichols's as-applied challenge was not waived, the Motion would still fail.

To be sure, there may be a day when a certain type of felony finds its way into the exception category of the Second Amendment, under an "unconstitutional as applied challenge." *See, e.g., Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc) (holding that § 922(g)(1) was unconstitutional as applied to an individual who was convicted of fraudulently completing a food stamp application in 1995, with no other criminal history apart from minor traffic and parking infractions and fishing without a license); *but see Vincent*, 80 F.4th at 1202 ("[W]e have no basis to draw constitutional distinctions based on the type of felony involved."); *Jackson*, 69 F.4th at 502) ("[T]here is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)."). Yet, apart from Judge Gettleman's and Judge Yandle's collection of decisions, the Court has discovered only one other district judge in the Seventh Circuit to find § 922(g)(1) unconstitutional as applied in the post-*Atkinson* era.

In *United States v. Griffin*, SJC-21-693, 2023 WL 8281564 (N.D. Ill. Nov. 30, 2023), Judge Coleman in the Northern District of Illinois held that § 922(g)(1) was unconstitutional as applied to the defendant. Judge Coleman highlighted the importance of distinguishing between violent and non-violent felony convictions. *Id.* at 9. She also held that a proper historical analysis turns on individual assessments, *id.* at 8, and in arriving at her decision, she emphasized that the defendant's prior felony convictions for robbery, criminal trespass, and possession of controlled substances were all non-violent. *Id.* at 9.

To the extent that Nichols's as-applied challenge to § 922(g)(1) requires an individualized assessment, the Court notes that he was convicted of an unquestionably dangerous crime of violence, in contrast to the defendant in *Griffin*. *See* Doc. 70 (Presentence Investigation Report). In particular, Nichols was convicted of Aggravated Battery with a Firearm, for which he was sentenced to a 9-year term of imprisonment. *Id.* at 7. Then, approximately 2 years after being

placed on parole for his felony battery conviction, he was charged with and subsequently convicted of another felony - Unlawful Delivery of a Controlled Substance. *Id.* at 8. In repeating this pattern, only a year after entering parole in connection with his felony drug conviction, he was arrested for the instant offense. *Id.* Nichols's demonstrated pattern of breaking the law, especially with respect to firearms, squarely places him within a group of persons whose firearm ownership is reasonably regulated by Congress. *Cf. United States v. Wiley*, DWD-23-30052, 2024 WL 707263, at *7 (S.D. Ill. Feb. 21, 2024) ("Clearly, based on this documented propensity for breaching the law, including by the aggravated unlawful use of a weapon, Defendant is not beyond the reach of Congress' ability to rationally bar Second Amendment rights under the authorities discussed herein."). Thus, the Court declines to find § 922(g)(1) unconstitutional as applied to Nichols.

## IV. EVIDENTIARY HEARING

An evidentiary hearing is not always necessary in § 2255 cases. *See Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). However, "[a] hearing is required unless the record conclusively shows that the movant is not entitled to relief." *Hicks v. United States*, 886 F.3d 648, 650 (7th Cir. 2018); 28 U.S.C. § 2255(b). Here, no hearing is necessary, because Nichols's *Bruen* claim does not entitle him to relief even if all his allegations are true. Furthermore, Nichols is not entitled to an evidentiary hearing to the extent his claim is procedurally barred.

## V. CERTIFICATE OF APPEALABILITY

If Nichols seeks to appeal this decision, he must first obtain a certificate of appealability which may issue only if a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-*

*Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). As discussed, Nichols's § 2255 *Bruen* claim is procedurally defaulted, and "reasonable jurists" would not disagree. Otherwise, Nichols has not made a substantial showing that he was denied a constitutional right in connection with his *Bruen* claim. Accordingly, the Court declines to issue a certificate of appealability.

## VI.     CONCLUSION

Based on the foregoing, Nichols's § 2255 motion (Doc. 96) is DENIED in its entirety, and no evidentiary hearing is necessary. The Court further DECLINES to issue a certificate of appealability.

ENTERED this 29th day of February 2024.

s/ *James E. Shadid*
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE
